# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBE DWAYNE FOLSTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-256 |
| | ) | |
| MRS. K. BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Robe Dwayne Folston, Jr. filed this 42 U.S.C. § 1983 complaint against Mrs. K. Brown complaining that his legal mail has been accidentally opened. Doc. 1 at 5. *Id*. He asks the Court to financially compensate him and to "be aware" of the fact that his mail is being inspected. *Id*. The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms, docs. 4 & 5. The Court now screens his complaint pursuant to 28 U.S.C. §1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon

Briefly, plaintiff alleges that on one occasion his legal mail was opened and taped back together. Doc. 1 at 5. Plaintiff states that he was told that the legal mail was opened by mistake. *Id.* In this Circuit, it is "a violation of an inmate's constitutional rights for [ ] prison officials to read legal mail." *Lemon v. Dugger*, 931 F.2d 1465, 1467 (11th Cir. 1991); *Al-Amin v. Smith*, 511 F.3d 1317, 1330-31 (11th Cir. 2008) ("inmates have a constitutionally protected right to have their properly marked attorney mail opened in their presence" to "insure[ ] that prison officials will not read the mail and thus [will] not chill attorney-inmate communication." (quote and cite omitted)).

> The basic prisoner interest is an uninhibited communication with attorneys. . . . [P]risoners have a vital need to communicate effectively with [their attorneys]. This is to insure ultimately that the judicial proceedings brought against or initiated by prisoners are conducted fairly. Since the prisoner's means of communicating with these parties are restricted sharply by the fact of incarceration, the essential role of postal communication cannot be ignored.

*Taylor*, 532 F.2d 462, 475 (5th Cir. 1976), quoted as binding precedent in *Lemon*, 931 F.2d at 1467; *Al-Amin*, 511 F.3d at 1330-31 . Although "inspection of attorney-client privileged mail relating to criminal matters may impose an undue burden on the Sixth Amendment's right to counsel," *Moore v. Hoeven*, 2008 WL 1902451 at *10 (D.N.D.

---

which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

Apr. 28, 2008), accidental openings and openings where the contents of the mail go unread do not, *Ford v. Coleman*, 2015 WL 3404191 at *11 (M.D. Fla. May 26, 2015). Here, plaintiff has alleged, at most, that one time his legal mail was accidentally opened. This is simply insufficient to allow his case to proceed. His case should be **DISMISSED**.[2]

Meanwhile, it is time for plaintiff to pay his filing fees. Plaintiff's prisoner trust fund account statement reflects $92.83 in average monthly deposits. Based upon his furnished information, he owes a $18.57 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Furthermore, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's

---

[2] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Here, plaintiff appears to have eliminated the possibility of any claim. He may of course, seek to amend within the time for objections if he believes he can.

Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 20th day of August, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA